IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00789-EWN-CBS

DAVID TURLEY,
    Petitioner,
v.

AL ESTEP, Warden, Limon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action is before the court on Turley's "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" ("Petition") (file-stamped April 19, 2004). Pursuant to the General Order of Reference dated February 17, 2006, this case was referred to the Magistrate Judge to, *inter alia*, "submit to me proposed recommendations . . . ." The court has reviewed the Petition, Respondents' Answer (filed March 6, 2006) (doc. # 41), the pertinent parts of the state court record, the entire case file, and the applicable law and is sufficiently advised in the premises.

    "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Before a state prisoner may raise a federal constitutional claim attacking his state conviction in a federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254, he or she must have first exhausted state remedies and provided the state courts with a fair opportunity to

1

apply controlling legal principles to facts bearing on the constitutional claims. *Miranda v. Cooper*, 967 F.2d 392, 397 (10th Cir. 1992). This principle has been codified in 28 U.S.C. § 2254(b)(1). As a threshold matter, Respondents contend that Turley has failed to exhaust his state court remedies as to several of his claims.

The presence of even one unexhausted claim results in a "mixed petition." "[A] district court faced with a habeas petition containing unexhausted claims may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002). *See also Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 1992) ("In the present case, it is in the interest of judicial economy for this court to hear this cause in spite of the unresolved issues of exhaustion and procedural default") (citing *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991); *United States v. Wright*, 43 F.3d 491, 496 (10th Cir.1994) (addressing a 28 U.S.C. § 2255 petition and declining to address the procedural bar issue because the claim would fail on the merits in any event)). Thus, the court may examine all of Turley's claims on the merits.

While Respondents argue that several of Turley's claims have not been exhausted, it is not entirely clear to the court that those claims have not been exhausted. *See, e.g., Turley IV*, 18 P.3d at 806 ("Defendant next contends that the postconviction court erred when it determined that his prior conviction in Adams County in 1979 for aggravated motor vehicle theft was constitutionally valid as part of the basis for his habitual criminal sentencing"); *Turley VI, People v. Turley*, (Colo. App. No. 01CA1991, November 6, 2003) (not published pursuant to C.A.R. 35(f)) (Appendix R to

Respondents' Answer) (discussing Turley's challenges to his 1979 conviction); *Turley III*, *People v. Turley* (Colo. App. No. 92CA874, March 24, 1994) (not published pursuant to C.A.R. 35(f))(Appendix H to Respondents' Answer) (wherein Turley argued that "[p]ursuant to the doctrine of cumulative error, certain instances of prosecutorial misconduct, combined with the other errors asserted int his appeal, require reversal").

      A few of Turley's claims that Respondents have not addressed on the merits in this civil action have been addressed on the merits in Civil Action No. 04-cv-00790-EWN-CBS.  Nevertheless, a review of the Petition and Respondents' Answer reveals that Respondents have not presented any argument in the record on the merits of Turley's Claims Four, Five (as to the constitutional validity of Turley's 1979 Adams County prior conviction), Eight, Eleven, and Twelve.

      Accordingly, IT IS ORDERED that:

1.    Respondents shall file any response they have to the merits of Turley's Claims Four, Five (as to the constitutional validity of Turley's 1979 Adams County prior conviction), Eight, Eleven, and Twelve **on or before June 21, 2006.**

2.    Turley may file any reply he has **on or before July 19, 2006**.

DATED at Denver, Colorado, this 10th day of May, 2006.

                          BY THE COURT:

                          *s/Craig B. Shaffer*
                          United States Magistrate Judge