IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00789-PAB-CBS

DAVID TURLEY,

       Applicant,

v.

AL ESTEP, Limon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

       Respondents.

---

## ORDER OVERRULING OBJECTIONS AND ADOPTING RECOMMENDATION

**Brimmer, J.**

       The matter before me is the "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (referred to herein as the "Petition") [Docket No. 3] of David Turley (referred to herein as Mr. Turley or "the petitioner").  Pursuant to a general order of reference dated February 17, 2006 [Docket No. 31], this case was referred to the assigned Magistrate Judge to submit proposed recommendations.  On March 14, 2007, Magistrate Judge Craig B. Shaffer filed a carefully reasoned Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 63] recommending that Mr. Turley's habeas corpus petition be denied and the case be dismissed with prejudice.

       The petitioner, who is pro se, filed Petitioner's Objection to Magistrate Recommendation [Docket No. 66] (referred to herein as "Objection" or "Oppo.") on April 30, 2007.

## I.  STANDARD OF REVIEW

Because Mr. Turley is proceeding *pro se*, the Court construes his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Pursuant to 28 U.S.C. § 2254(d), an application for writ of habeas corpus may be granted only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court," or (3) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999).  A decision is contrary to clearly established federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion that is "diametrically different" from that precedent.  *Williams,* 529 U.S. at 406.  A decision involves an unreasonable application when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue.  *Id.* at 409.  However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly.  Rather, [the Court] must be convinced that the application was also 'objectively unreasonable.'"  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

2

In addition, with respect to this Court's review, a presumption of correctness exists regarding state trial and appellate court findings of fact. *Sumner v. Mata*, 455 U.S. 591, 592-93 (1982). As such, petitioner bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation *de novo*. Fed. R. Civ. P. 72(b). In this case, I have applied a *de novo* review to each part of the Recommendation.

## II. Background

Mr. Turley is currently incarcerated at the Limon Correctional Facility in Limon, Colorado. *See* Petition at p. 9; Supplemental Traverse at p. 3. On May 8, 1990, Mr. Turley was convicted in the City and County of Denver in three separate criminal cases, 89CR1651, 89CR1652, and 89CR1827 of "second degree kidnapping, first degree sexual assault, robbery, and three counts of habitual criminal sentencing." *People v. Turley* (Colo. App. No. 90CA1542, May 20, 1993) (not published pursuant to C.A.R. 35(f) [Docket No. 8] (hereinafter "Turley II"); Petition at pp. 1-2. Mr. Turley was sentenced to life imprisonment in 89CR1651, to be served consecutively to life term sentences in 89CR1652 and 89CR1827. *See* Judgment of Conviction, State Court Records [Docket No. 59] at 57; and Judgment of Conviction, State Court Records [Docket No. 61] at 83.

The subject of this petition is Mr. Turley's convictions in 89CR1651 and 89CR1652. These two cases were consolidated for trial. The trial took place in 1989. Mr. Turley filed a companion Application for Writ of Habeas Corpus Pursuant to 28

3

U.S.C. § 2254 regarding 89CR1827.  *See* Civil Action No. 04-cv-00790-CMA-CBS. Many of the claims in that case overlap the claims in this case.

The Petition raises fifteen claims:  (1) that the application of Colo. Rev. Stat. § 16-10-104(a) violated Mr. Turley's constitutional right to equal protection; (2) that Mr. Turley was not properly advised of his right to testify in the habitual criminal phase of the trial; (3) that Mr. Turley's due process and equal protection rights were violated when the trial court admitted inadmissible evidence; (4) prosecutorial misconduct; (5) that Mr. Turley received an illegal sentence under the habitual criminal statute because the underlying convictions were unconstitutional; (6) that Mr. Turley was denied a fair trial when the trial court gave improper jury instructions in the habitual criminal phase of the trial; (7) that Mr. Turley was denied a fair trial when the trial court improperly gave oral jury instructions that partially contradicted the written jury instructions; (8) that Mr. Turley was denied due process and equal protection when he was denied a severance; (9) that Mr. Turley was denied his right to a fair trial when hearsay evidence was admitted; (10) that Mr. Turley was denied his right to a fair trial when the jury was permitted to hear testimony regarding charges in other cases; (11) that the jury instructions on complicity were unconstitutional; (12) that Mr. Turley received ineffective assistance of trial counsel and of counsel who was appointed to investigate and challenge the prior convictions underlying two habitual criminal counts; (13) that Mr. Turley was denied his right to a fair trial based on cumulative error; (14) that Mr. Turley was denied due process and equal protection when the victim's home address was not revealed to him; and (15) that Mr. Turley's constitutional rights were violated when the trial court conducted a consolidated trial on two charges. *See* Petition at 5-6j.

4

### III.  Merits of Petitioner's Claims

The Recommendation analyzes the petitioner's fifteen claims in two general groups – defaulted claims and non-defaulted claims.  I will review the petitioner's claims in the same order.

### A.  Defaulted Claims

A habeas petitioner is generally required to exhaust his state court remedies before seeking habeas relief.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  This means that a petitioner must give the state courts a fair opportunity to act on his claims before he presents them to a federal court in a habeas petition.  *Id.*  To do so, a petitioner must invoke one complete round of the state's established appellate review process.  *Id.* at 845.  Claims not included in a petition for discretionary review to the state's highest court are not exhausted and, if they are time-barred under state law, they are procedurally defaulted and not subject to review on the merits.  *Id.; Gray v. Netherland,* 518 U.S. 152, 161-62 (1996); *Gonzales v. McKune*, 279 F.3d 922, 924 (10th Cir. 2002).

The Magistrate Judge recommended that Claims Three, Eight, Nine, Ten, and Eleven be dismissed and that parts of Claims Five and Twelve be dismissed on the grounds that they are procedurally barred.  *See* Recommendation at 10-15.   Petitioner claims in his Objection that he properly asserted each of these claims in the state courts.

### 1.  Claims Three, Nine, and Ten

Mr. Turley did not raise these claims (asserting violation of his due process and equal protection rights) in the Colorado Court of Appeals regarding his convictions in

5

89CR1650 and 89CR1651.  Instead, he raised these issues in the Colorado Court of

Appeals in 89CR1827.  *See* Civil Action No. 04-cv-00790-CMA-CBS, Recommendation

of United States Magistrate Judge [Docket No. 51) at 24-25.  Because Mr. Turley failed

to raise these issues in the state courts in regard to his convictions in 89CR1650 and

89CR1651, he has failed to exhaust his remedies.

### 2.  Claim Five

In this claim, petitioner collaterally attacks the validity of three convictions that

were used to enhance his sentences in 89CR1650 and 89CR1651 under Colorado's

habitual criminal statute.  However, petitioner did not present his claim regarding his

1979 conviction in Adams County, Colorado for aggravated motor vehicle theft to the

Colorado Supreme Court.  As a result, the Recommendation properly recommended

dismissal of that part of Claim Five for failure to exhaust his state remedies.

### 3.  Claim Eight

In this claim, petitioner argues that the habitual criminal charges in 89CR1650

and 89CR1651 should have been severed from his co-defendant's habitual criminal

charges.  Mr. Turley, however, did not raise this argument in the Colorado Court of

Appeals and therefore he has failed to exhaust his state remedies.

### 4.  Claim Eleven

Petitioner challenges a jury instruction on complicity in Claim Eleven.  However,

he never raised this claim in the Colorado Court of Appeals.  As a result, he failed to

exhaust his remedies at the state court level.

## 5.  Claim Twelve

In Claim Twelve, petitioner alleges ineffective assistance of trial counsel for (a) failing to adequately investigate and challenge the validity of the convictions used to prove that he was a habitual criminal; (b) improperly advising him of his right to testify at the habitual criminal portion of his trial; and (c) failing to move for a mistrial based on prejudice caused by the incompetence of co-defendant's counsel.  Mr. Turley did assert the first claim listed (regarding collateral attacks on the underlying habitual criminal convictions), but did not assert the others in the state courts.  Therefore, the claims listed in (b) and (c) above are procedurally barred for failure to exhaust.

I agree with the Magistrate Judge that petitioner has not shown cause for failing to assert Claims Three, Eight, Nine, Ten, and Eleven, and parts of Claims Five and Twelve, in the state courts.  Moreover, petitioner has not shown prejudice or demonstrated that the failure of this Court to consider the claims will result in a fundamental miscarriage of justice.  *See Coleman v. Thompson*, 501 U.S. 722, 749-750 (1991).  Claims Three, Eight, Nine, Ten, and Eleven and those parts of Claims Five and Twelve identified above are dismissed on the grounds that they are procedurally barred.

### B.  Non-Defaulted Claims

Mr. Turley filed his habeas corpus proceeding after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Federal review of his petition is therefore governed by the standards set forth in 28 U.S.C. §§ 2254(d) and (e).

## 1.  Claim One

Petitioner contends that, because he was facing a life sentence if convicted of the habitual criminal charges, he should have been entitled to at least ten peremptory

challenges.  Petitioner claims that the fact he was permitted only eight peremptory challenges under Colo. Rev. Stat. § 16-10-104(1) violated his rights to equal protection and due process.

I agree with the analysis and recommendation of the Magistrate Judge.  The statute in question does not create a suspect classification nor does it involve a fundamental right.  The Supreme Court has held that "there is no freestanding constitutional right to peremptory challenges."  *Rivera v. Illinois*, 129 S. Ct. 1446, 1453 (2009).  "When States provide peremptory challenges (as all do in some form), they confer a benefit 'beyond the minimum requirements of fair [jury] selection,' *Frazier v. United States*, 335 U.S. 497, 506 (1948), and thus retain discretion to design and implement their own systems."  *Id.* (citing *Ross v. Oklahoma*, 487 U.S. 81, 89 (1988)).  Moreover, given that Mr. Turley makes no claim that he was denied the number of peremptory strikes that the state statute allowed, there is no due process violation.  As the Supreme Court held in *Ross v. Oklahoma*, 487 U.S. 81, 89 (1988), "it is for the State to determine the number of peremptory challenges allowed and to define their purpose and the manner of their exercise.  As such, the 'right' to peremptory challenges is 'denied or impaired' only if the defendant does not receive that which state law provides."  (Citation omitted.)  Thus, Claim One is dismissed.

## 2. Claim Two

In his second claim, Mr. Turley makes two claims related to advisements regarding his right to testify in his trials: (1) the trial court's advisement inadequately informed him of the consequences of testifying in one trial but not the other; and (2) he was not separately advised of his right to testify in the habitual criminal phase of the

8

trials.[1]  Mr. Turley admits that "the trial court did make a brief reference to the possible use by the prosecution of the Petitioner's testimony in one case being referenced in the other case."  Oppo. at 9.

As detailed in the Recommendation, there is no federal requirement that the trial court inquire into a defendant's decision not to testify (absent special circumstances). *United States v. Janoe*, 720 F.2d 1156, 1161 (10th Cir. 1983).  Because it was incumbent on petitioner to demonstrate a violation of the federal constitution or laws, which he has not done, Claim Two fails.

### 3.  Claim Four

Mr. Turley's fourth claim involves the prosecutor's questioning of petitioner's wife at trial concerning conversations that his wife had with petitioner at the jail.  Petitioner claims that these references to him being in jail prejudiced him in the eyes of the jury by calling attention to the fact that he was in custody.[2]

Habeas relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair.  *Cummings v. Evans*, 161 F.3d 610, 618 (10th Cir. 1998).  *See also Ross v. Parker*, 304 Fed. Appx. 655, 658-

---

[1] In his Opposition, petitioner for the first time makes the argument that the fact he was tried with a co-defendant made it necessary that the trial court advise him of the impact that complicity theories would have if he testified in one case but not the other. Oppo. at 8.  However, it does not appear that this argument was presented to the state courts and, even if it had been, it does not alter the analysis above.

[2] In his Opposition, petitioner makes a new argument that the effect of the prosecutor's questions also prejudiced him by suggesting that he and his wife conspired at the jail about the content of her testimony.  Oppo. at 11.  Petitioner did not include this argument in Claim Four and there is no evidence that petitioner raised this argument in the state courts.  Thus, I will not consider it.

9

659 (10th Cir. 2008).  The Colorado Court of Appeals reviewed the trial transcript and applied the correct test in concluding that the prosecutor's references to Mr. Turley being in jail did not "so completely undermine[] the fundamental fairness of [Turley's] trial as to constitute plain error."  *People v. Turley*, Colo. App. No. 99CA0037 at 7 (July 27, 2000) (Appendix H to Respondents' Answer in Civil Action No. 04-cv-00790-CMA-CBS).  Pursuant to 28 U.S.C. § 2254(d), a federal court will grant *habeas* relief only where the state court unreasonably applied clearly established federal law or reached a decision based on an unreasonable determination of the facts.  Here the state court did neither.  Thus, petitioner's Fourth Claim must be dismissed.

### 4.  Claim Five

In his fifth claim, petitioner claims that the enhancement of his sentences due to the habitual criminal convictions were unconstitutional because his 1981 Denver conviction and his 1982 Arapahoe County conviction were themselves unconstitutional. Both of these convictions followed guilty pleas.

In the 1981 Denver conviction, petitioner claims that he was not advised of the fact that, since he was pleading guilty to a sex offense, he was subject to a one-year period of mandatory parole following his agreed upon eight year sentence.  The Colorado Court of Appeals reviewed this argument in *Turley I* wherein it noted that, immediately after sentence was imposed, Mr. Turley's attorney confirmed with the court that the sentence included a one-year period of parole.  870 P.2d 498, 504 (Colo. App. 1993).  The court of appeals therefore concluded that his attorney was evidently aware of the mandatory parole consequence of Mr. Turley's plea and had discussed it with Mr. Turley, since no objection was made at the time sentence was pronounced.  The state

10

court did not unreasonably apply clearly established federal law or reach a decision

based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d).

In the 1982 Arapahoe County case, Mr. Turley alleges that his guilty plea was

not knowing and voluntary because the trial court did not advise him of the statutory

consequences of a sex offense plea under Colo. Rev. Stat. § 16-13-204.  The Colorado

Court of Appeals reviewed this argument in *Turley I* and concluded that, although

"sentencing under the sex offender act was not contemplated pursuant to the plea

agreements," Mr. Turley got the benefit of the bargain and "incurred no harm as a result

of the claimed adequacy of the advisement."  870 P.2d 498, 504 (Colo. App. 1993).  As

with his 1981 Denver conviction, the state court did not unreasonably apply clearly

established federal law or reach a decision based on an unreasonable determination of

the facts under 28 U.S.C. § 2254(d).  Thus, the exhausted portions of Claim Five are

properly dismissed.

### 5.  Claims Six and Seven

Petitioner alleges problems with the jury instructions used in the habitual criminal

phase of the trial.  First, he alleges in Claim Six that the court left out a number of things

that he says violated his rights to equal protection and due process, such as stating that

the defendant did not have to testify.  Second, he alleges in Claim Seven that the

court's oral instructions to the jury contradicted its written instructions to the jury, in

violation of his sixth and fourteenth amendment rights.[3]

---

[3] The petitioner raises a new argument in his Objection, namely, that the jury
instructions should have included an element that petitioner's alleged prior convictions
were also "constitutionally sound."  Oppo. at 13.  However, it is not for the finder of fact
to determine the legal issue of the prior convictions' constitutionality.  Thus, that issue

As explained in the Recommendation at 26-27, a habeas petitioner who challenges a conviction based on a claim of error in the jury instructions faces a significant burden.  In the Sixth Claim, Mr. Turley argues that the trial court left out the fact that he did not have to testify in the habitual criminal phase and that the charges were merely accusations and not evidence.  A "single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten*, 414 U.S. 141, 146-147 (1973).  "The question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002), quoting *Davis v. Maynard*, 869 F.2d 1401, 1405 (10th Cir. 1989).  There is no reason to believe that, given the instructions as a whole, Mr. Turley suffered a violation of any constitutional or federal right.  The Colorado Court of Appeals reviewed the habitual criminal instructions and held that, taken together, they "properly informed the jury of each and every necessary element."  *Turley IV*, 18 P.3d at 807.  Thus, petitioner has failed to show that the claimed omissions so infected the habitual criminal phase of the trial so as to violate his constitutional rights.

### 6.  Claim Twelve

As previously stated, although portions of Mr. Turley's twelfth claim are procedurally barred, that portion wherein he alleges ineffective assistance of trial counsel for failing to adequately investigate and challenge the validity of the convictions used to prove that he was a habitual criminal is not procedurally barred.  Specifically,

---

was not properly included in the jury instructions during the habitual criminal phase of the trial.

Mr. Turley claims that his trial counsel failed to "investigate the 1979 prior Adams County conviction and the 1981 Denver Country prior conviction underlying the habitual criminal count."  Objection at 13.  As explained by the Magistrate Judge in the Recommendation, Mr. Turley's ineffective assistance of counsel claim runs up against the fact that Colorado Revised Statute § 16-5-402, which establishes a three year time limit to challenge all felonies but class one felonies, barred any collateral attack on the 1979 and 1981 convictions.  Because application of § 16-5-402 is a matter of state procedural law, the remaining portion of Claim Twelve cannot be brought in a habeas corpus action.  Moreover, Mr. Turley's new argument, stated for the first time in his Objection, that the offense dates in cases 89CR1651 and 89CR1652 occurred within the three-year period of §16-5-402 and that his attorneys could therefore have made a collateral attack, is contradicted by two facts.  First, the language of § 16-5-402 requires that a collateral attack commence within three years following the date of said conviction, i.e. the three-year period has nothing to do with the offense dates in cases 89CR1651 and 89CR1652.  Second, Mr. Turley was required by § 16-5-402 to challenge his 1979 and 1981 convictions no later than July 1, 1989.  *See People v. Turley*, Colo. App. No. 01CA1991 at 3 (Nov. 3, 2003) (Appendix R to Respondents' Answer).  However, as of July 1, 1989, petitioner had not even been charged in cases 89CR1651 and 89CR1652.  *Id.*  Thus, his attorneys in those cases could not be ineffective if the deadline for filing collateral attacks to the 1979 and 1981 convictions had passed by the time of their appointment or retention.  The remainder of the Twelfth Claim is dismissed.

### 7.  Claim Fourteen

In his Fourteenth Claim, Mr. Turley argues that he was denied due process and equal protection when one of the two victim's home address was not disclosed to him by the prosecution.  He says that he is not claiming that such address should have been provided to him, but merely that it should have been provided to his attorney. Oppo. at 14.  Had such address been provided to his attorney, Mr. Turley claims that there would have been no danger to the victim, and his attorney would have been able to contact "the alleged victim to investigate and discover information exculpatory to the defense." *Id.* at 14.  Under Colorado law,

> A witness's address ordinarily must be disclosed so that the defendant may investigate the witness's reputation for veracity in his or her community. *People v. Thurman*, 787 P.2d 646, 651 (Colo. 1990). However, the address may be kept confidential if the prosecution shows that the witness legitimately fears reprisal from the defendant or the defendant's associates. *People v. Thurman, supra*, 787 P.2d at 653.  If the prosecution shows that the witness's safety may be endangered, the defendant must show that the information sought has some materiality sufficient to outweigh the interest in protecting the witness's security. *People v. Turley*, 870 P.2d 498, 500 (Colo. App. 1993).

*People v. Victorian*, 165 P.3d 890, 894 (Colo. App. 2007).

Here there was no deprivation of any constitutional right.  During the course of the crime, the victim was threatened and asked where she lived; she therefore made a legitimate request not to have her address disclosed to anyone after the prosecution was begun.  Moreover, Mr. Turley's counsel had the opportunity to interview the victim and the opportunity to cross-examine the victim during both preliminary proceedings and trial.  Thus, there was no denial of any confrontation or discovery right.  Finally, petitioner has not suggested any exculpatory information that would have been

14

discovered had his attorney been given the victim's address.  Petitioner's Fourteenth Claim is properly dismissed.

### 8.  Claim Fifteen

Mr. Turley argues in this Fifteenth Claim that cases 89CR1651 and 89CR1652 were improperly joined, which prejudiced him.  In the Petition, he claims that he was prejudiced by the fact that he would have testified in one case had it not been for the joinder of the cases.  Petition at 6j.   In his Objection, he states that he was prejudiced by the fact that the joinder of the cases essentially bolstered the credibility of weak eyewitness testimony in each case.  Oppo. at 15-16.

The joinder of multiple offenses in a single trial "may result in prejudice to a defendant" because the jury may "confuse or 'cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find.'" *Lucero v. Kerby, 133 F.3d 1299, 1314* (10th Cir. 1998), quoting *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964).  To obtain federal habeas relief, however, petitioner must establish that the joinder violated his federal constitutional rights.  *Id.* at 1313. "Improper joinder will result in a constitutional violation 'only if it result in prejudice so great as to deny a defendant his . . . right to a fair trial.'"  *Webber v. Scott*, 390 F.3d 1169, 1178 (10th Cir. 2004), quoting *Lucero*, 133 F.3d at 1314.

Mr. Turley has failed to show that the joinder of cases 89CR1651 and 89CR1652 violated his right to a fair trial.  I agree with the Magistrate Judge that the evidence in each offense was not so complicated as to pose a danger of confusion.  Moreover, both victims testified, which allowed the jury to separately assess their credibility.

Considered as a whole, the petitioner was not denied a fair trial.  The Fifteenth Claim will be dismissed.

### 9.  Claim Thirteen

The Thirteenth Claim is one alleging cumulative error.  However, as noted by the Recommendation, no actual errors appear upon review of any of petitioner's claims and therefore there can be no cumulative error justifying habeas corpus relief.  The Thirteenth Claim has no merit.

Wherefore, it is

**ORDERED** that the Court **ADOPTS** the Magistrate Judge's Recommendation [Docket No. 63]**,** and **DISMISSES** Mr. Turley's "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" [Docket No. 3] with prejudice**.**

DATED April 21, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

16